Kevin Coluccio, WSBA #16245
Stritmatter Kessler Whelan Coluccio
200 Second Avenue West
Seattle, WA 98119-4204
Phone: 206-448-1777
Fax: 206-728-2131
Email: kc@stritmatter.com
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN L. BULZOMI, Personal Representative of the Estate of Brian Shaffer<br><br>Plaintiff,<br><br>v.<br><br>LES SCHWAB TIRE CENTER OF OREGON, INC., an Oregon Corporation, dba Les Schwab Tire Centers and dba Les Schwab Tires; LES SCHWAB TIRE CENTERS OF PORTLAND, INC., an Oregon Corporation, dba Les Schwab Tire Centers and dba Les Schwab Tires; LES SCHWAB WAREHOUSE CENTER, INC., an Oregon Corporation, dba Les Schwab Production Center; and McCALL TIRE CENTER, INC., an Oregon Corporation<br><br>Defendants. | NO.<br><br>COMPLAINT (NEGLIGENCE; WRONGFUL DEATH)<br><br>DEMAND FOR JURY TRIAL |

## I. PARTIES

1.1. Stephen L. Bulzomi is the Personal Representative of the Estate of Brian Shaffer. He was appointed under Pacific County Cause No. 10-4-00049-5 on the 26th day of August, 2010.

1.2.  At all times pertinent hereto, the decedent Brian Shaffer was a resident of Long Beach, Pacific County, Washington, where he resided with his surviving wife, Carmen Shaffer, and surviving daughter, Tehya Shaffer, until his death. Plaintiff brings this action on behalf of Brian Shaffer's estate and his beneficiaries.

1.3.  Defendant Les Schwab Tire Centers of Oregon, Inc., d/b/a Les Schwab Tire Centers and d/b/a Les Schwab Tires, is an Oregon corporation, with its principal place of business at Madras Highway, P.O. Box 667, Prineville, Oregon 97754. At all times, Defendant Les Schwab Tire Centers of Oregon, Inc. acted by and through its employees, servants and agents. Defendant Les Schwab Tire Centers of Oregon, Inc. is generally engaged in the distribution and sale of tires and retreading tires, including the subject retread tire.

1.4.  Defendant Les Schwab Tire Centers of Portland, Inc., d/b/a Les Schwab Tire Centers and d/b/a Les Schwab Tires, is an Oregon corporation, with its principal place of business at Madras Highway, P.O. Box 667, Prineville, Oregon 97754. At all times, Defendant Les Schwab Tire Centers of Portland, Inc. acted by and through its employees, servants and agents. Defendant Les Schwab Tire Centers of Portland, Inc. is generally engaged in the distribution and sale of tires and retreading tires, including the subject retread tire.

1.5.  Defendant Les Schwab Warehouse Center, Inc., d/b/a Les Schwab Production Center, is an Oregon corporation, with its principal place of business at Madras Highway, P.O. Box 667, Prineville, Oregon 97754. At all times, Defendant Les Schwab Warehouse Center, Inc. acted by and through its employees, servants and agents. Defendant Les Schwab Warehouse Center, Inc. is generally engaged in the distribution and sale of tires and retreading tires, including the subject retread tire.

1.6.  Defendant McCall Tire Center, Inc. is an Oregon corporation with its principal place of business at 1167 SE Marlin Avenue, Warrenton, Oregon 97146, doing business under

the name of Les Schwab Tires. At all times, Defendant McCall Tire Center, Inc. acted by and through its employees, servants and agents and was an agent and dealer of Defendant Les Schwab Tire Centers of Oregon, Inc., Defendant Les Schwab Tire Centers of Portland, Inc., and/or Defendant Les Schwab Center Warehouse, Inc. Defendant McCall Tire Center, Inc. is generally engaged in the distribution and sale of tires and retreading tires, including the subject retread tire.

## II. JURISDICTION AND VENUE

2.1   Plaintiff brings this action pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and because the amount in controversy exceeds $75,000.

2.2   This Court has venue pursuant to 28 U.S.C. § 1391.

## III. FACTS

3.1   On April 16, 2009, decedent Brian Shaffer was traveling legally, safely and within the speed limit southbound on State Route 101 near milepost 38 when the right front retread tire on the vehicle he was driving came apart and caused his vehicle to crash. Following the crash, Brian was alive and conscious, but trapped. After a prolonged period of time, Brian died because he could not breathe.

## IV. LIABILITY

4.1   Defendants acted negligently by failing to properly instruct their personnel regarding the retreading of tires, the placement of retread tires, and failing to determine that the subject tire was not appropriate for retreading.

4.2   Defendants are strictly liable for retreading and selling the subject retread tire in an unreasonably dangerous condition.

4.3   Defendants are liable because the subject retread tire was defective in its design, RCW 7.72.030(1)(a), because adequate warnings/instructions were not provided with the subject

retread tire, RCW 7.72.030(1)(b), because a critical component of the subject retread tire failed as a result of a manufacturing defect, RCW 7.72.030(2) and because the Defendants were negligent for post manufacturing failure to warn, RCW 7.72 (1)(c).

4.4   Defendants are liable because the subject retread tire was unsafe to an extent beyond that which would be contemplated by the ordinary consumer, pursuant to RCW 7.72.030(3).

## V.   CAUSATION AND DAMAGES

5.1   As a result of the Defendants' tortious conduct, decedent Brian Shaffer suffered intense pre-death pain and suffering, both physical and emotional, including conscious fear of his impending death as well as other non-economic damages, all in amounts to be proved at trial.

5.2   As a result of the Defendants' tortious conduct, decedent Brian Shaffer and his estate suffered economic damages including medical expenses, funeral expenses, and loss of income cognizable under the laws of the state of Washington, all in amounts to be proved at trial.

5.3   As a result of the Defendants' tortious conduct, Carmen Shaffer, the surviving spouse and Tehya Shaffer, the surviving daughter have been deprived of love, affection, support, services, society and consortium, and all other damages allowed by the laws of the State of Washington including the decedent's contributions to the marital relationship and parent-child relationship and their quality of life, all in amounts to be proved at trial.

## VI.   JURY DEMAND

6.1   The Plaintiff hereby demands a jury in this matter.

## VII.   PRAYER FOR RELIEF

Wherefore Plaintiff prays for judgment against Defendants as follows:

A.   For economic damages in an amount to be proven at the time of trial;

B.   For non-economic damages in an amount to be proven at the time of trial;

1  C. For costs and disbursements and attorney's fees as provided by law; and

2  D. For such other and further relief as this court deems just and equitable.

3  Dated this 15th day of Apr, 2011.

STRITMATTER KESSLER WHELAN COLUCCIO

By _____
KEVIN COLUCCIO, WSBA #16245
Stritmatter Kessler Whelan Coluccio
200 Second Avenue West
Seattle, WA 98119-4204
Phone: 206-448-1777; Fax: 206-728-2131
kc@stritmatter.com

Complaint and Demand for Jury Trial - 5